IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 NOV -2 PM 4: 23

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN MEMPHIS

| | |
|---|---|
| ALOEION Q. DICKERSON, a minor, by her mother, next friend and guardian, ROSALYND BRYANT,<br><br>    Plaintiff,<br><br>vs.<br><br>GREYHOUND LINES, INC.,<br><br>    Defendant,<br>and<br><br>GREYHOUND LINES, INC.,<br><br>    Counter-Plaintiff,<br><br>vs.<br><br>ALOEION Q. DICKERSON, a minor, by her mother, next friend and guardian, ROSALYND BRYANT; KIMISHIA DANDRIDGE, a minor, by her mother, next friend and guardian, MARY DANDRIDGE; and BILLIE TEEIN DICKERSON,<br><br>    Counter-Defendants. | No. 04-2653-V |

**ORDER ON SHOW CAUSE ORDER AND ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND ON PLAINTIFF'S MOTION TO EXCLUDE DNA TESTING OF THOMAS DICKERSON, II**

Before the court is the September 1, 2005 motion of the plaintiff and counter-defendant, Aloeion Q. Dickerson, for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Also before the court is the September 28, 2005 motion of Aloeion Q. Dickerson to exclude DNA testing on Thomas Dickerson, II. The parties have consented to the United States Magistrate Judge to conduct all proceedings in this case, including trial and

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 11-7-05

entry of final judgment. For the reasons that follow, both motions are granted.

This lawsuit involves a claim for worker's compensation death benefits under Tenn. Code Ann. § 50-6-101 *et seq*. It is undisputed that on August 6, 2004, Thomas Dickerson, II was killed in a bus accident which occurred during the course and scope of his employment with the defendant, Greyhound Lines, Inc. ("Greyhoun") (Compl. ¶ 5,6; Ans. ¶ 5,6 .) Greyhound was duly notified of the death of Thomas Dickerson II as required by statute. (Compl. ¶ 7; Ans. ¶ 7.)

The plaintiff, Aloeion Q. Dickerson, by her mother and guardian, Rosalynd Bryant, filed a claim for workers' compensation death benefits against Greyhound. Greyhound answered the complaint and filed a counterclaim for declaratory relief and an interpleader against Aloeion Q. Dickerson, Kimishia Dandridge, and others as claimants. Aloeion Dickerson filed a reply and an answer to Greyhound's counterclaim. Kimishia Dandridge, through her mother, Mary Dandridge, filed an answer and cross-claim against Greyhound for the workers' compensation death benefits of Thomas Dickerson. None of the other third party defendants appeared and answered. Thus, the only parties that have claims for Thomas Dickerson's workers' compensation death benefits are Aloeion Q. Dickerson and Kimishia Dandridge.

It is undisputed that Aloeion Q. Dickerson is the natural child of Thomas Dickerson II and that she is a dependant orphan of Thomas Dickerson II under the Tennessee Workers' Compensation Law.

(Compl. ¶ 2; Ans. ¶ 2; Dandridge Reply ¶ 5.) The only question is whether Kimeshia Dandridge is also the natural child of Thomas Dickerson II and also a dependent orphan of Thomas Dickerson II.

Greyhound's request to interplead the funds at issue was granted. Throughout the pendency of this lawsuit, Greyhound has made periodic deposits of funds into the court registry as benefits accrue. As of September 30, 2005, Greyhound has deposited the sum of $23,225.45 into the court's registry. These funds represent the workers' compensation death benefits to be paid to the dependents of Thomas Dickerson II.

On September 1, 2005, plaintiff Aloeion Q. Dickerson filed a motion for summary judgment seeking a ruling by the court that she is the only person entitled to receive the workers' compensation death benefits of Thomas Dickerson, II under the Tennessee Workers' Compensation law. The motion was served on Greyhound and on Kimishia Dandridge by and through their respective attorneys. Neither Greyhound nor Dandridge has responded to the Dickeron's motion for summary judgment, and the time for responding has expired.

The burden is upon Kimishia Dandridge to prosecute her claim for the workers' compensation death benefits of Thomas Dickerson. Because Dandridge's paternity had not been established prior to the death of Thomas Dickerson, the parties agreed that DNA testing would be needed. By order entered April 4, 2005, the court granted Dandridge's motion for post-mortem DNA testing. On September 9,

3

2005, over the plaintiff's objection, the court granted Dandridge's motion for an additional two weeks to complete the DNA testing and file the DNA results with the court and for two more weeks to file dispositive motions. The time has now expired, and Dandridge has not filed the results of any DNA testing nor any dispositive motions. On September 28, 2005, plaintiff Aloeion Q. Dickerson filed a motion to exclude from consideration DNA test results from Thomas Dickerson II because Dandridge had failed to comply with the court's September 9, 2005 order. Accordingly, the plaintiff's motion to exclude DNA tests results is granted due to Dandridge's failure to comply with the court's order to file DNA test results.

On October 13, 2005, Dandridge was ordered to show cause within eleven (11) days why the plaintiff's September 1, 2005 motion for summary judgment should not be granted. Dandridge was warned that failure to respond to the show cause order or the motion for summary judgment could result in dismissal of her claim for failure to prosecute. Dandridge has failed to respond to the show cause order or to the motion for summary judgment, and the time for doing so has expired. It appears to the court therefore that Dandridge's claim for the workers' compensation death benefits of Thomas Dickerson II should be dismissed for failure to prosecute Accordingly, Kimishia Dandridge's claim against Greyhound for the workers' compensation death benefits of Thomas Dickerson II is

4

hereby dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.

Having dismissed Dandridge's claim against Greyhound for the workers' compensation death benefits of Thomas Dickerson II, it appears that plaintiff Aloeion Q. Dickerson is the only remaining claimant to the workers' compensation death benefits of Thomas Dickerson II. It is undisputed that plaintiff Aloeion Q. Dickerson is the minor child of Thomas Dickerson II and is entitled to the workers' compensation death benefits of Thomas Dickerson II as a matter of law. Accordingly, plaintiff Aloeion Q. Dickerson's motion for summary judgment is granted.

Therefore, plaintiff Aloeion Q. Dickerson is entitled to the workers' compensation death benefits of Thomas Dickerson II to the exclusion of all others. As provided in Tenn. Code Ann. § 50-6-210(e)(5) & (11), Aloeion Q. Dickerson is entitled to receive 50% of the average weekly wages of the deceased, Thomas Dickerson II, until she reaches the age of 18. It is undisputed that Thomas Dickerson's average weekly wages were $629.32 at the time of his death. It is further undisputed that Aloeion Q. Dickerson was born on February 28, 1994. Therefore, Aloeion Q. Dickerson is entitled to receive weekly benefits in the amount of $314.66 until she reaches the age of eighteen on February 28, 2012. The clerk is hereby authorized and directed to deliver and pay over to the plaintiff, Aloeion Q. Dickerson, and her attorneys, Donald Donati

5

and William B. Ryan, the sum of $23,225.45, deposited in the registry of the court in this action plus any interest which has accrued thereon.

IT IS SO ORDERED this 1st day of November, 2005.

*Diane K. Vescovo*
DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 50 in case 2:04-CV-02653 was distributed by fax, mail, or direct printing on November 7, 2005 to the parties listed.

---

Bruce E. Williams
SHUTTLEWORTH WILLIAMS, PLLC
200 Jefferson Ave.
Ste. 1500
Memphis, TN 38103--002

T. Roane Waring
SHUTTLEWORTH WILLIAMS
200 Jefferson Ave.
Ste. 1500
Memphis, TN 38103--002

William B. Ryan
DONATI LAW FIRM, LLP
1545 Union Ave.
Memphis, TN 38104

Dee Shawn Peoples
LAW OFFICE OF R. LINLEY RICHTER, JR.
100 N. Main St.
Ste. 2909
Memphis, TN 38103

Donald A. Donati
DONATI LAW FIRM, LLP
1545 Union Ave.
Memphis, TN 38104

Honorable Diane Vescovo
US DISTRICT COURT