IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

ALOEION Q. DICKERSON, a minor,
by her mother, next friend and guardian,
ROSALYND BRYANT,

     Plaintiff,

v.                               Case No. 04-2653-V

GREYHOUND LINES, INC.,

     Defendant.

## ORDER APPROVING WORKERS' COMPENSATION SETTLEMENT

This cause came on to be heard on the Complaint of the Plaintiff, Aloeion Q. Dickerson, a minor, by her mother, next friend and guardian, Rosalynd Bryant, Answer and Counter-Complaint of the Defendant, upon statement of counsel for the respective parties, upon the oral testimony of Rosalynd Bryant and of John Berringer of Cumberland Trust and Investment Company, and upon the documents establishing the death of Thomas Dickerson, and the relationship of the surviving child of the deceased, from all of which it satisfactorily appears to the Court as follows:

Thomas Dickerson was employed by Greyhound Lines, Inc. on August 6, 2004. ACE USA is the Workers' Compensation Carrier for the employer. All the parties hereto are subject to the provision of the Workers' Compensation Laws of Tennessee, for all times pertinent hereto.

Thomas Dickerson died in an accident arising out of and in the course of his employment on August 6, 2004, while driving a Greyhound Bus when he was involved in

an accident with a tractor trailer, leading to his death.

The pertinent documents are filed separately in this cause, establishing death and material relationships between the decedent and his dependents, Aloeion Q. Dickerson, as defined under T.C.A. § 50-6-210. It has been determined by the Court that no other persons were dependent upon Thomas Dickerson at the time of his death, other than Aloeion Q. Dickerson, and that she is the sole dependent entitled to benefits.

It further appeared to the Court that at the time of the injury the employee was earning an average weekly wage of $629.32 per week. During the pendency of this litigation, Defendant has paid the sum of $26,431.65 into the Registry of the Court through the Clerk representing death benefits to which the dependent orphan is entitled, subject to the Orders of this Court. The weekly benefit rate applicable to the dependent orphan Aloeion Q. Dickerson is $314.66 per week. Accordingly the amount paid into the Registry of the Court is equal to slightly more than 84 weeks of benefits since the date of Mr. Dickerson's death.

It further appeared to the Court that the parties have joined in and sought approval of this Court for a Lump Sum Settlement on the basis of the employer/insurer paying to the attorneys for Aloeion Q. Dickerson an additional sum of $90,000.00, together with the sum of $26,431.65 which has been previously paid into the Court. Upon approval of this settlement, said $26,431.65 together with any accrued interest, will be paid by the Clerk to the Donati Law Firm, in trust for Aloeion Q. Dickerson.

The total amount from all sources to be paid to the Donati Law Firm, in trust, is $116,431.65, representing the settlement of the claim for all sums to which Aloeion Q. Dickerson might be entitled through the date of her eighteenth (18th) birthday. After

2

payment of attorney's fees and expenses as set forth herein, and the payment of the sum of $5,000.00 to Rosalynd Bryant for incidental expenses relating to Aloeion Q. Dickerson, the residual sum, in trust, shall be paid over to Cumberland Trust and Investment Company to be held in trust for the sole use and benefit of Aloeion Q. Dickerson pursuant to the terms of the Aloeion Q. Dickerson Irrevocable Trust.

It further appeared to the Court that the dependent child, Aloeion Q. Dickerson may be entitled to receive further dependent benefits of up to the compromise sum of $44,000.00 if she meets the requirements of T.C.A. § 50-6-210(e)(11), such that following her eighteenth (18th) birthday she may receive periodic payments calculated at the weekly benefit rate of $314.66, so long as she meets said statutory eligibility, with an aggregate maximum possible benefit of $44,000.00. So long as statutory eligibility is met these benefits shall be paid directly to Aloeion Q. Dickerson on a bi-weekly basis. For purposes of construing the intent of the parties, the term attending a "recognized educational institution" shall not require Summer semester/quarter attendance, but shall require enrollment until the completion of other semesters/quarters to receive uninterrupted benefits during this additional period of benefit eligibility. The parties agree that benefit eligibility shall require that the institution be an accredited institution of higher learning offering a two year and/or four year degree program, and not merely a trade school. Aloeion Dickerson will provide documentation of her attendance and completion of course work through official school records, upon the request of Greyhound and/or its insurer, for all periods for which she claims entitlement to benefits. Under no circumstances shall any duty to pay benefits extend beyond the twenty-second (22nd) birthday of Aloeion Q. Dickerson or February 28, 2016. The parties acknowledge that any entitlement to benefits may also expire prior to the said twenty-second (22nd) birthday upon payment of the full

3

$44,000.00 prior to that date.

Rosalynd Bryant as guardian of Aloeion Q. Dickerson, acknowledges that no other promise or consideration has been offered to induce acceptance of this settlement, except as set forth herein.

It further appeared to the Court that Rosalynd Bryant, guardian of Aloeion Q. Dickerson, has been advised of her rights under the provisions of the Tennessee Workers' Compensation Act and believes that the proposed settlement is in the best interest of her child, and should be approved. It further appears that the dependent is receiving substantially the benefits she is entitled to under the Workers' Compensation Act, and that she is exclusively entitled to same, subject to the aforementioned trust.

It further appeared to the Court that Aloeion Q. Dickerson, through her mother, best friend and guardian Rosalynd Bryant, was represented by William B. Ryan, an attorney of the bar of this Court, who performed valuable services on behalf of Aloeion Q. Dickerson, and that Mr. Ryan has continued to represent the surviving child Aloeion Q. Dickerson. Ms. Bryant has expressed satisfaction. Said services warrant a fee in excess of the amount statutorily presumed to be reasonable maximum fee of $13,987.33 pursuant to the factors set forth in RPC 1.5 of Rule 8 of the Rules of the Supreme Court, in consideration of the complexity of the medical and disability issues, the time required, the amount involved and the results obtained.

It further appears that the fees of the employer's attorney, Bruce E. Williams, are reasonable, as being within the statutory amount deemed reasonable pursuant to T.C.A. § 50-6-226.

IT IS THEREFORE, ORDERED ADJUDGED, AND DECREED that the settlement

4

of the Workers' Compensation dependent orphan claim of Aloeion Q. Dickerson, a minor, be, and the same is hereby approved upon the payment by the employer to Donati Law Firm in trust for Aloeion Q. Dickerson, of the sum of $90,000.00, and the payment by the Court Clerk to Donati Law Firm in trust for Aloeion Q. Dickerson, of the sum of $26,431.65 (together with any accrued interest) which sum has been previously deposited in the Court Registry. After payment of attorney's fees, expenses and the additional sum of $5,000.00 to Rosalynd Bryant for incidental expenses relating to Aloeion Q. Dickerson , the remaining sum will be paid into the Aloeion Q. Dickerson Irrevocable Trust for the sole use and benefit of Aloeion Q. Dickerson with Cumberland Trust and Investment Company as trustee.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that upon the payment of said amounts by the employer/insurer, the employer and insurer are hereby released and relieved of any and all further liability to any statutory dependent of Thomas Dickerson, under the Workers' Compensation Laws of the State of Tennessee for any disability and/or death benefits, as well as for any additional funeral or medical expenses by reason of all alleged claims relating to the death of Thomas Dickerson, except to the extent that Aloeion Q. Dickerson may qualify for additional benefits after her eighteenth (18th) birthday, subject to the terms and requirements set out above, and those contained in T.C.A. § 50-6-210(e)(11).

IT IS, FURTHER ORDERED, ADJUDGED AND DECREED that an attorney's fee for William B. Ryan, the attorney for Aloeion Q. Dickerson, by and through her mother Rosalynd Bryant, should be and the same is hereby approved in an amount to $22,000.00, plus expenses in the amount of $1.013.50.  The fee is equal to less than the 20% fee

5

allowed under T.C.A. §50-6-226.

IT IS, FURTHER ORDERED, ADJUDGED AND DECREED that the fees of the attorney for the employer are reasonable and should be approved.   This Order is considered to be a final Order in this cause.

s/Diane K. Vescovo
UNITED STATES MAGISTRATE JUDGE

DATE: _February 3, 2006_

**APPROVED:**

ROSALYND BRYANT, as mother,
next friend and guardian of
ALOEION Q. DICKERSON, a minor

DONALD A. DONATI (BPR No. 8633)
WILLIAM B. RYAN (BPR No. 20269)
Attorneys for Aloeion Q. Dickerson
   and Rosalynd Bryant
1545 Union Avenue
Memphis, TN 38104
901-278-1004 (phone)
billy@donatilawfirm.com

6

BRUCE E. WILLIAMS (BPR No. 9851)
Attorney for Defendant Greyhound Lines, Inc.
200 Jefferson Avenue, Suite 1500
Memphis, TN  38103
901-328-8236
bwilliams@shuttleworthwilliams.com

7